ALBANY,
October, 1835.

BRIGGS *vs.* PROSSER.

A contract for the purchase of land, *after performance* by the vendee of the terms of the contract, and the accruing of a right to a deed, is sufficient *color of title* whereon to base the defence of *adverse possession* in an action of ejectment by the vendor for the recovery of the premises.

A possession of 25 years under such contract, after the accruing of the right to a deed, authorizes the *presumption* that the deed was executed.

THIS was an action of *ejectment*, tried at the Oneida circuit in April, 1834, before the Hon. ESEK COWEN, then one of the circuit judges.

The suit was brought for the recovery of a quarter of an acre of land. The plaintiff read in evidence a deed to him, of a tract of 500 acres, of which the premises in question are a part, bearing date in 1793, and proved that a person of the name of *Luce* went into possession of the premises in question about 30 years since as his tenant; that he remained in possession until about three years since, when he was succeeded by the *defendant*, who claimed to hold under Luce. Nine years previous to the trial, Luce told a witness that the premises in question belonged to the plaintiff, that he had no deed, and that the plaintiff could turn him out when he pleased. The defendant moved for a nonsuit, on the ground that the plaintiff had not proved *notice to quit*, which motion was denied by the judge. The defendant then offered to prove that Luce quit the premises about a year after his first entry, and remained out of possession for about a year more; that he then entered into a contract with the plaintiff for the purchase of the quarter acre, agreeing to pay him $100 for it, and in pursuance of such contract again entered into possession: the second entry being in the year 1807; that in that or in the succeeding year he paid the $100 to the plaintiff, and erected a frame building on the premises; that Luce continued in the uninterrupted possession from 1807 until about three years before the trial, when he sold to the defendant, who entered and has since remained in possession. The defendant also offered to prove repeated declarations of the plain-

ALBANY, October, 1835.

Briggs
v;
Prosser.

tiff that he sold the premises to Luce, had received payment for the same, and that the premises belonged to Luce—all which evidence was offered for the purpose of establishing an *adverse possession ;* but it being objected to by the plaintiff's counsel as inadmissible, it was rejected by the judge, and the defendant excepted. The jury, under the charge of the judge, found a verdict for the plaintiff, which was now moved to be set aside.

*C. P. Kirkland,* for the defendant, insisted that the evidence offered and rejected, if received, would have shown *color of title* sufficient to have supported the defence of *adverse possession,* and therefore ought to have been received. The contract to convey, although by *parol,* was executed, the consideration of the conveyance had been paid, and a court of equity would enforce a specific performance. He cites 8 *Cowen,* 589 ; 9 *id.* 550, and 1 *id.* 605.

*J. A. Spencer,* for the plaintiff, contended that possession and claim of land under an executory contract of purchase is not such a possession, as if continued for 20 years, will bar an entry ; that it is in no sense *adverse* as to the party with whom the contract is made. 5 *Cowen,* 74. 1 *Wendell,* 610. Luce entered in subserviency to the title of the plaintiff, and never pretended to even a *claim of title.* 9 *Johns. R.* 180. 9 *Wendell,* 518. Consequently, there was nothing upon which to found the defence of *adverse possession.* Luce's title, if any, was merely equitable, and it could not avail him in an action of ejectment. 3 *Johns. R.* 422.

*By the Court,* NELSON, J. There can be no doubt that a person entering upon land under a contract of purchase, unperformed on his part, does not hold possession adversely to the vendor. *After performance,* and an equitable title to a deed of the premises acquired, I perceive no reason why his possession may not become adverse, or in other words, there is nothing in the character of it inconsistent with the idea of an adverse possession. Whether it were in fact adverse or

not, would depend upon the circumstances of each particular case.

It must have been decided in the case of *La Frombois* v. *Jackson*, 8 *Cowen*, 589, in the court for the correction of errors, that the fact of the defendant's entering into possession under a contract for a deed, (for that I think is the nature of the instrument given in evidence in that case,) did not *per se* necessarily preclude the adverse character of the possession subsequently. *See also* 1 *Cowen*, 617, *Opinion of Woodworth, J.*, and 5 *Cowen*, 92. Upon principles which are familiar, and which lie at the foundation of this doctrine, there seems no well founded objection or repugnance in conceding to a contract, that gives to the party confessedly a valid title to a deed, *color of title* sufficient to sustain an adverse possession. Upon this view, the judge erred in rejecting the evidence offered by the defendant. It is not for us to say, upon the whole case, if admitted, there was satisfactory evidence of an adverse holding. The testimony of one of the witnesses tended to weaken, if not destroy such a conclusion; but the question was a mixed one of law and fact, and should have been submitted to the jury; and if they had found for the defendant, admitting the facts offered to have been proved, we should not have disturbed their verdict.

It seems to me, also, that the judge should have received the evidence upon another ground, though that was not taken by the counsel, viz. in order to lay the foundation for a presumption that a deed had been given in accordance with the contract. I think the jury would have been warranted in presuming a deed upon a possession undisturbed for some twenty five years after the deed was due from the plaintiff.

New trial granted.