J. DOE, *ex dem.,* LAREY J. SIMMONS, et. al., plaintiffs in error, vs: R. ROE, *cas ej.* and JAMES LANE, tenant in possession, defendant in error.

[1.] In ejectment the plaintiff read in evidence a grant to Larey J. Simmons; he then offered a deed from Lacey J. Simmons.

*Held*, that this deed, though not following the grant, was admissible under the Act of 1802, prohibiting the Superior Courts from withholding "any grant, deed, or other document from the jury."

[2.] A writing, to serve as a color of title, must, at least, not be one in which the writer disclaims title in himself, and admits title in another.

Ejectment and new trial, from Whitfield county. Tried before Judge Trippe November Term, 1857.

This was an action of ejectment. At the trial the plaintiff introduced in evidence the grant from the State of Georgia of the lot of land in question to Lary J. Simmons, dated the 14th of August, 1835. Plaintiff then tendered in evidence a deed from Lacey J. Simmons to William Cooper, which was dated the 3d of May, 1837, and in due form.

To the admission of this deed, the defendants excepted on the ground that it did not follow the grant, and that the demise in the declaration was in the name of Lary J. Simmons, and not Lacey J. Simmons. The Court sustained the objection, and refused to admit the deed; and the plaintiffs excepted.

The plaintiffs then closed.

Defendant then proved that Lane and those under whom he claimed, had been in possession of the land for a few weeks over seven years before the commencement of the action, living upon the land and cultivating it.

Defendant then offered in evidence a bond, of which the following is a copy:

" Georgia, Cobb County.

*Know all men by these presents.*—That I, William Y. Hansell, of the county aforesaid, agent and attorney in fact for Wyatt Meredith, am held and firmly bound unto Samuel H. Keith, his heirs and assigns, in the just and full sum of one thousand dollars; for the true payment of which we bind ourselves, our heirs, executors and administrators jointly and severally, firmly by these presents. Signed and sealed Dec. 17th, 1847.

Simmons et al. vs. Lane.

The condition of the foregoing is such that whereas the above bound William Y. Hansell, agent as aforesaid, has bargained and sold to the said Samuel H. Keith lot of land Number thirty-two in the ninth district and third section of Murray county, State of Georgia, for and in consideration of the sum of five hundred dollars, to him in hand paid by the said Samuel H. Keith, the receipt whereof is hereby acknowledged. Now if the said Wyatt Meredith shall, by the twenty-fifth day of March next, cause to be made to the said Samuel H. Keith good and sufficient titles in fee simple to the said lot of land, then this obligation to be void; else to remain in full force and virtue.

WYATT MEREDITH, [SEAL.]

*By his agent, William Y. Hansell,*

WM. Y. HANSELL, [SEAL.]

To the introduction of which bond in evidence the plaintiffs objected on the grounds,

1st. Because its execution had not been proven.

2d. Because no authority was shown constituting Hansell Meredith's agent or attorney in fact.

The defendant then proved by plaintiff's counsel that the instrument was in the hand writing of William Y. Hansell, and the Court received it in evidence without further proof; and to this the plaintiffs excepted.

Plaintiffs then introduced a quit claim deed from Wyatt Meredith to James Bond, dated Feb. 7th, 1852.

Several charges were given to the jury by the Court below, to which the plaintiffs excepted.

The jury found for the defendant.

The plaintiffs moved for a new trial, which was refused, and counsel excepted.

MOORE, for plaintiff in error.

WALKER, and AKIN. *contra.*

*By the Court.*—BENNING J. delivering the opinion.

The Act of 1802, " supplementary to the Judiciary Act," says: " The Judges of the Superior Courts shall not, in any case whatever, withhold any grant, deed, or other document, from the jury, under which any party in a cause may claim title, except such evidence of title as may be barred by the Act of limitations." *Pr. Dig.* 210.

[1.] This Act, we think, made it the duty of the Court to let the deed of Lacey J. Simmons go to the jury. There is but one way open to the Court, in cases of this sort: to admit the deed, and charge against it. And that has been the way usually taken, when the Act has been relied on for the introduction of irrelevant deeds or documents. If the charge is disregarded, a new trial will be the right of the losing party, almost as a matter of course. Recourse to that Act is a sure thing, in practice. Still, the Act is a law, and every law must be obeyed; an appeal to this Act, therefore, must be respected.

Although, there the grant was to Larey J. Simmons, and the deed was not from him, but from Lacey J. Simmons, yet the deed, we think, was, under this Act, admissible.

Consequently, we must think, that the Court erred in excluding the deed.

The bond purported to be the act and deed, of both Meredith and Hansell—of Meredith, by the agency of Hansell.

There was no proof that Hansell was authorized to act for Meredith; there was no proof of anything going to show that the bond was the bond of Meredith. It follows, that the bond could not be read as the bond of *Meredith*, for any purpose.

[2.] The bond was proved to be the bond of Hansell. It shows upon its face, however, that Hansell claimed no title, but admitted the title to be in Meredith. As the bond of *Hansell*, therefore, it could not serve as a *color of title*. A writing, to serve as a color of title, must, at least, not be one in which the writer disclaims title in himself, and admits title in another.

The only purpose of introducing the bond was to prove color of title in the tenant. The bond, therefore, was no more admissible as the bond of Hansell, than it was as the bond of Meredith.

Its admission was not claimed under the Act aforesaid, of 1802.

The aid of that Act not being invoked, we think the admission of the bond was erroneous.

What has been said, sufficiently disposes of all the questions in the case.

New trial granted.