LEONARD RIGOR

*v.*

JAMES H. FRYE *et al.*

1. COLOR OF TITLE—*limitation.* A bond conditioned for the execution and delivery of a deed upon a compliance with its terms in the future is not color of title within any fair construction · that has been or can be given to the 8th section of Ch. 24 R. S. 1845. It does not, on its face, purport to convey title.

2. SAME. To constitute color of title under either the eighth or ninth sections of this statute, the deed or instrument must purport, on its face, to convey the title to the land to the grantee named. It must apparently transfer the title to the holder of an interest in the land to enable him to invoke the aid of either section of the statute.

3. SAME. In ejectment, the plaintiff showed a *prima facie* title to the land in controversy. The defendant had been in possession of the premises seven years before the institution of the suit, and had paid all the taxes legally assessed thereon during that period, but had no deed purporting to convey the title to the same during the first four years of his possession. During that period he only held a bond for a deed from a person whose only claim to the land was a certificate of purchase at a tax sale : *Held,* that the defendant could not invoke the aid of the eighth section of the conveyance act to defeat a recovery.

4. SAME. It seems that no distinction can be taken as to what constitutes color of title under the eighth and ninth sections of the conveyance act.

APPEAL from the Circuit Court of Brown County ; the Hon. C. L. HIGBEE, Judge, presiding.

This was an action of ejectment for the recovery of a tract of land in Brown County. After the defendant below had closed his case, the court, on motion, excluded from the jury all the oral evidence of defendant's possession and payment of taxes, to which defendant excepted. The court instructed the jury that the plaintiff below had made out a legal title to the premises, and that the defendant had failed to show any claim and color of title, as required by the statute, and that they should find for the plaintiff. Verdict accordingly.

Mr. W. L. VANDEVENTER and Mr. J. C. THOMPSON, for the appellant.

Mr. J. S. IRWIN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is admitted, by a stipulation in the record, that the appellees have shown a *prima facie* title to the premises in controversy sufficient to authorize a judgment in their favor, unless the appellant, by his proof, has brought himself within the protection of the eighth section chapter twenty-four R. S. 1845.

The single inquiry involved in the case is, whether a bond for a deed upon condition of a compliance with its terms *in futuro* will constitute " claim and color of title " within the meaning of that section of the conveyance act.

It is not controverted that the appellant was in possession of the premises seven successive years, and paid all the taxes legally assessed thereon during that period.

It is conceded also, that the appellant had no deed purporting to convey the title to the premises during the first four years of his possession. During that period he only claimed to have a bond for a deed from one Edward M. Clark. The only title claimed by Clark himself to the land, was a certificate of purchase at a tax sale. He did not claim any title to the land through any one who claimed to own it under a deed purporting to convey the title.

We do not understand that any distinction can be taken as to what constitutes " color of title," under sections eight and nine of the conveyance act. Hence, the definitions given as to what constitutes " color of title " in the former decisions of this court under one section, may apply with equal exactness to the other.

It was held in *Bride* v. *Wall*, 23 Ill. 507, that a certificate of purchase at a tax sale did not constitute color of title under the ninth section of the conveyance act. The decision

proceeds on the ground that it is not paper title, within the meaning of the statute, and does not purport in terms to convey the title.

For the same reason, it was held in *Spellman* v. *Curtenius*, 12 Ill. 409, that a certificate of a land office, showing that at one time a party was entitled to a pre-emption did not constitute color of title.

To constitute color of title under either section of this statute, the deed or other instrument must purport on its face to convey the title to the land to the grantee named. It must apparently transfer the title to the holder of an interest in the land invoking the aid of either section of this statute. *Bride* v. *Wall, supra; Dickenson* v. *Breeden,* 30 Ill. 279 ; *Morrison et al.* v. *Norman et al.,* 47 Ill. 477 ; *Huls* v. *Buntin,* 47 Ill. 396.

In the case before us, the bond did not purport on its face to convey the title to the land to the appellant. It was, at most, an executory agreement, entitling the appellant at a future day to a deed that would convey the title, in case he should comply with certain conditions. It did not constitute " paper title " in the sense in which those words are used in the statute. The appellant, therefore, had no color of title, within any fair construction that has been, or can be, given to the statute, nor did he hold any claim or color of title from any one, who, himself, had color of title.

Inasmuch as it does not appear from the record that he had color of title to the land in controversy, accompanied by possession and payment of taxes for the requisite length of time, to which he could invoke the aid of the eighth section of the conveyance act, to protect his possession, the judgment must be affirmed.

*Judgment affirmed.*