## ANDREW WRAY *et al.*

*v.*

## THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

1. LIMITATION — *color of title to right of way for railroad.* A deed to a railway company "of the right of way" of the railroad, with nothing to define its extent in width, where the charter does not define the extent of the right of way, is too indefinite to constitute claim and color of title under the seven years limitation law of this State for 100 feet, where actual possession was not had to that extent for seven years.

2. So, a master's deed on foreclosure of a mortgage, describing the premises as the road of a railway company "west of the Illinois river, and all branches thereof which had been constructed before, etc., and which has since been constructed and built, including the right of way and the lands occupied thereby," etc., where there was no occupancy to the extent of 100 feet for seven successive years before suit brought, is not sufficient as color of title.

3. INSTRUCTION — *must be based upon the evidence.* It is error by an instruction to leave it to a jury to find what is a reasonable and usual width of a right of way for a railroad, where there is no evidence before them upon the subject of what is a reasonable or usual width of such right of way.

APPEAL from the Circuit Court of Warren County ; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. JAMES W. DAVIDSON, for the appellants.

Mr. ALMON KIDDER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

This was an action of ejectment, commenced by John Wray against the Chicago, Burlington and Quincy Railroad Company on March 16, 1872, to recover possession of a strip of land 100 feet wide, it being particularly described. John Wray died after suit commenced, and it proceeded afterward in the names of his heirs.

Upon trial there was a verdict of not guilty, whereon judgment was rendered for the defendant ; and the plaintiffs appealed.

The company's railroad is laid over the premises ; there

was never any condemnation of the land, actual or attempted, and the claim set up in defense is of a right acquired from the grantors of John Wray previous to the grant to him, and possession for seven consecutive years and payment of taxes under color of title.

The fatal objection to sustaining a verdict of not guilty in this case is, the failure to show any claim of right in the defendant to the extent of the width of 100 feet.

All the proof of right acquired from the grantors of Wray is as to the "right of way" of the railroad, with nothing tending to define the extent in width of the right of way. And so of the deed of John Wray, of October 1, 1873, of all of the tract of land on which the premises are situate, lying south of the right of way, introduced in evidence as his admission of the right of defendant — the deed describes what is therein conveyed as so much of the tract "as lies south of the right of way of the Chicago, Burlington and Quincy Railroad."

The color of title set up is also indefinite in respect of extent. The color of title is a deed from a master in chancery, made July 11, 1862, upon a foreclosure of two mortgages upon the railroad property made by the Peoria and Oquawka Railroad Company, a former owner. The description of the premises in the deed is, "its road west of the Illinois River, and all branches thereof which had been constructed before the 10th day of September, A. D. 1853, and which has since been constructed and built, including the 'right of way,' and the land occupied thereby, the superstructure and tracks thereon," etc.

There is no pretense of any actual occupancy to the extent of 100 feet in width, until in 1863 or 1864, when the railroad company fenced the road or right of way, as they claim, 100 feet wide; but this would not bring them within the statute of limitation, because from the time of fencing there would not have been seven years' payment of taxes before the time of the commencement of the suit.

There is nothing in the charter of the Peoria and Oquawka

Railroad Company, the predecessor of defendant, going to define the extent of the right of way. All the provision in that regard is that the company may " enter upon and take possession of and use all such lands and real estate as may be necessary and indispensable for the construction of the road," etc.

The tenth instruction given for defendant, after reciting certain hypotheses not material to the point being considered, concludes thus : " Then the jury is instructed that the defendant can not be ousted by said Wray or his heirs from a reasonable right of way ; and if the jury believe from the evidence that 100 feet is such reasonable and usual width, deemed and treated as necessary for this railroad, then the jury will find for the defendant." There was no basis in the evidence for the concluding portion of this instruction. There was no evidence whatever upon the subject of what was a reasonable, or the usual, width of the right of way of a railroad. Evidently, the railroad company could not, by itself, determine and fix the limits of the right of way by fencing out, in 1863 or 1864, 100 feet in width as marking the extent of ground which it claimed as its right of way.

However it may be as to the road-bed and land actually occupied by the railroad company prior to the time of the making of the master's deed, there can be no justification for a verdict in favor of the defendant to the extent of 100 feet in width, except upon the assumption that the right of way of a railroad is 100 feet in width.

There is certainly no evidence in this record tending to show that, nor can judicial cognizance be taken of it. The judgment will be reversed and the cause remanded.

*Judgment reversed.*