# SUPREME COURT.

## NETZEL agt. MULFORD.

*Proceedings supplementary to execution.— Warrant of arrest instead of order to examine judgment debtor — Sufficiency of affidavit to entitle a party to the warrant — Code of Civil Procedure, section 2437.*

Under section 2437 of the Code of Civil Procedure, it is necessary for the creditor, before he is entitled to a warrant of arrest against the judgment debtor, to establish, to the satisfaction of the judge to whom the application for the issuing of a warrant is presented, by affidavit, that there is danger that the judgment debtor will leave the State or conceal himself, and there is reason to believe that he has property which he unjustly refuses to apply to the payment of the judgment.

Where the allegations in the affidavit, on which the warrant is asked are stated to be upon belief, and the fact of the defendant's having property is a mere matter of inference on the part of the plaintiff, based upon the fact that the defendant is a man of extravagant habits, living in the best of hotels, &c. :

*Held,* that such an affidavit is insufficient.

*Special Term, September,* 1880.

LAWRENCE, *J.* — Section 2437 of the Code of Civil Procedure is substantially the same as the fourth subdivision of section 292 of the old Code of Procedure. In applications made under section 292 of the old Code, it was invariably held that the statute required that there should be proof of the facts authorizing the issuing of the warrant, and that while such proof need not necessarily be in the form of an affidavit, it must be of such a character as to furnish evidence which, in the judgment of the officer, amounted to proof of the charge (*See* 4 *Waite's Pr., pp.* 443 *and* 444). So, too, in proceedings under the non-imprisonment act of 1831, it was invariably held that an affidavit stating the particulars authorizing the issuing of the warrant should not be upon information and belief; that the facts must be positively, and

not inferentially stated (*Broadhead* agt. *McConnell*, 3 *Barb.*, 175; *Vredenberg* agt. *Hendricks*, 17 *Barb.*, 179, *and cases cited*). Under section 2437 of the present Code, it is necessary for the creditor, before he is entitled to a warrant of arrest against the judgment debtor, to establish, to the satisfaction of the judge to whom the application for the issuing of a warrant is presented, by affidavit, that there is danger that the judgment debtor will leave the State or conceal himself, and there is reason to believe that he has property which he unjustly refuses to apply to the payment of the judgment. I see no reason for holding that there should be any different rule of construction applied to this section from that which prevailed in reference to section 292 of the old Code, and to the non-imprisonment act of 1831. Tested by these principles of construction, it seems to me that this proceeding should be dismissed, and the warrant heretofore issued should be vacated. The allegations in the affidavit, on which the warrant was issued, are stated to be upon belief, and the fact of the defendant's having property is a mere matter of inference on the part of the plaintiff, based upon the fact that the defendant is a man of extravagant habits, living in the best of hotels, &c. I do not think such an affidavit sufficient. As was said by BRONSON, J., in the case of *The People* agt. *The Recorder of Albany* (6 *Hill*, 429): "In such cases, where the creditor may be his own witness for the purpose of procuring a warrant, and may choose his own time for arresting the debtor, it is not too much to require that he should in the first instance make out a plain case" (*See, also, Smith* agt. *Luce*, 14 *Wend.*, 227; *Matter of Bliss*, 7 *Ill.*, 187; *Stewart* agt. *Biddlecum*, 2 *Com.*, 103). The prisoner is, therefore, discharged.