## Millen *vs.* Stines *et al.*

Where one bought land in good faith, and received from one who represented himself as agent of the owners of the land, a bond for titles with the signatures of such owners thereto by such person as agent, such bond, though a forgery, will constitute good color of title; and the grantee of the party purchasing, having in good faith been in possession of the land, under such color of title, for seven years, had a good title by prescription. *Simmons vs. Lane*, 25 *Ga.* 178, cited and distinguished.

(a) In the present case, the plaintiff admitted that the pretended agent signed the bond in question, and proved that no authority to sign the bond had been given to the pretended agent, thus supplying the lack of proof on the part of defendant to show the authority of the agent, or to show that the bond was a forgery.

December 12, 1888.

Verdict. Charge of court. Color of title. Forgery.

Evidence.   Before Judge FAIN.   Murray superior court. August term, 1888.

Reported in the decision.

E. W. COLEMAN, for plaintiff.

R. J. McCAMY, for defendants.

SIMMONS, Justice.

M. B. Millen, for himself and as administrator *de bonis non* with the will annexed of Mary P. Harris, brought complaint for a certain lot of land against Nelson Stines and Jane Stines.   Defendants pleaded the general issue. Upon the trial, the plaintiff proved title in himself and L. F. Harris, and showed that L. F. Harris died in 1861, leaving Mary P. Harris as his widow and sole heir, and that plaintiff was the administrator *de bonis non*, etc. of said Mary P.   He also showed that no authority was given, either by L. F. Harris or himself, to J. B. Fain or E. Fain to sell the land or make a deed or bond for title thereto.

Defendants introduced a bond for titles, dated October 16th, 1860, purporting to be executed by L. F. Harris and M. B. Millen, by their agent, J. B. Fain, to F. B. Worley, conditioned to make titles to Worley to the land in dispute, upon payment by Worley of two certain notes.   The bond does not recite a power of attorney to Fain.   It is signed "L. F. Harris, M. B. Millen, by our agent, J. B. Fain," and witnessed by E. Fain, and is a sealed instrument.   The execution of the bond by J. B. Fain was admitted.   Indorsed on the bond is a written transfer of the same by various parties, as legatees of F. B. Worley, deceased, to Nelson Stines, dated October 30th, 1865.

Defendants further proved that Worley had some of the land in cultivation when it was sold to him by Fain, and kept it in cultivation afterward; that Nelson Stines had been in continuous possession since he bought it, had cleared fifteen acres more than seven years before the suit was brought, and had made about eight crops on the land; that Worley paid one of the notes, and he let Worley have some money to pay the other note, but did not know whether it was paid. To whom Worley made payment does not appear.

One of defendants' witnesses testified that it was his understanding (he being a son of Worley) that Stines was to pay the second note, but witness did not know whether it had been paid. Plaintiff admitted that Worley bought and went into possession in good faith.

The jury found for defendants. Plaintiff moved for a new trial on the following grounds:

(1)-(2) Verdict contrary to law, evidence, etc.

(3) Error in the following charge: If Francis Worley bought the land from J. B. Fain, and took a bond for title from said Fain as attorney or agent for Harris & Millen, and Fain had no authority from them to make the bond, but if the bond was signed by Fain as agent for Harris & Millen, then it was forgery and would constitute good color of title, if received by Worley in good faith believing he was getting a good title; and if defendants got their bond for title from Worley or his representatives and went into possession of the land under said bond in good faith, and remained there as long as seven years, it would constitute a good statutory title, and it would be the duty of the jury to find for defendant.

The motion was overruled, and plaintiff excepted.

There was no error in refusing to grant a new trial, on either of the grounds taken in the motion. We

think the charge complained of in the 3d ground was correct, when applied to the facts disclosed in this record. It was insisted, however, by counsel for the plaintiff in error that this court, in *Simmons vs. Lane,* 25 *Ga.* 178, had decided that a bond similar to the one in this case, was not good as color of title. We have carefully read that case, and do not doubt that it was a correct exposition of the law as applied to the facts of that case. The facts of this case are different. In that case the bond was objected to because its execution had not been proved, and because no authority was shown constituting Hansell Meredith's agent or attorney in fact. There was no proof showing whether Hansell was or was not Meredith's agent when he signed Meredith's name to the bond. There was no proof of anything going to show that the bond was or was not Meredith's, and the court correctly excluded it for the want of such proof.

In this case, the plaintiff admitted that Fain signed this bond to Worley, and the plaintiff went further and proved that Fain was not his agent nor the agent of Harris, and that he had no authority to sign said bond from either of them. When this proof was made by the plaintiff, there was no contradiction of it, and it followed, as a matter of course, that the names of Millen and Harris to the bond were forged. It was also admitted by the plaintiff that Worley bought in good faith from Fain, and we think the court was right when it instructed the jury that if the bond was signed by Fain as agent for Millen and Harris, and he had no authority from either of them to make said bond, it was a forgery, and would constitute a good color of title if received by Worley in good faith. Code, §2683; *Griffin vs. Stamper,* 17 *Ga.* 108 ; same case, 20 *Ga.* 312.

If the plaintiff had relied on the proof which he sub-

mitted in his opening, and the proof submitted by the defendant, he would have been entitled to a verdict; because it was incumbent on the defendant to show the authority of Fain to sign the names of Millen and Harris to that bond, or else show that it was a forgery; and they had failed to show either that Fain had the authority, or that the bond was a forgery. 20 *Ga.* 312, *supra*. The plaintiff, by his rebutting testimony, however, supplied this defect in the defendants' case, and showed by the interrogatories of Millen that it was a forgery; and it being a forgery, it was admissible in evidence and was color of title; and Stines, having in good faith been in possession of the land under this color of title for seven years, had a good prescriptive title, and was therefore entitled to a verdict.

Judgment affirmed.