## LUTTRELL et al. v. WHITEHEAD, administrator.

1. The description of the land in a deed must be sufficiently certain to afford means of identification. A deed purporting to convey land which is so indefinite in description that the land is incapable of being located is inoperative either as a conveyance of title or as color of title.
2. Possession of land can not be established by family repute.
3. In an action of ejectment between an administrator of an intestate and one not a privy in estate, it is error to admit in evidence the application of a former administrator for leave to sell the land of his intestate.
4. The description of land assigned as dower must be sufficiently certain to locate the premises before third persons will be affected by the dower proceedings.

Argued December 12, 1904. — Decided January 27, 1905.

Ejectment.    Before Judge Butt.    Harris superior court.    July 16, 1904.

*J. H. Martin* and *J. B. Burnside,* for plaintiffs in error.
*Hatcher & Carson,* contra.

EVANS, J.    This was a common-law action of ejectment.    The title relied on by the plaintiff was a deed from James W. Echols to John T. Whitehead, dated October 9, 1844, and possession of the land by Whitehead until his death; after his death, possession by Pitts, his administrator; assignment of dower to Catherine Whitehead, widow of John T. Whitehead, and possession by the dowress in 1866; the death of the dowress in 1901; and letters of administration on John T. Whitehead's estate to A. H. Whitehead in September, 1901.    The defendant filed pleas of not guilty and of title by prescription.    The verdict was for the plaintiff; whereupon the defendant made a motion for a new trial, to the denial of which he excepts.

1. When the plaintiff tendered in evidence the unrecorded deed from James W. Echols to John T. Whitehead, dated October 9, 1844, as an ancient document, the defendant objected to its admission in evidence, on the ground that the deed was void and of no effect because of insufficient description of the land which it purported to convey.    The description of the land was as follows: " All that tract or parcel . . containing two hundred and fifty-five acres, more or less, it being part of the lot 270, and part of lot 271, and part of lot 274, and part of lot 272, all in the 17th district of Harris county."    The court allowed the deed in evidence. The description is too vague and indefinite for the deed to have effect as a conveyance of title.    It neither indicates the shape of the tract nor the metes and bounds of the land purporting to be conveyed.    A deed is not invalid where the description is imperfect, if the instrument refers to extrinsic data by means of which the land may be identified.    Likewise an ambiguous descriptive clause may be aided by aliunde evidence.    But such imperfect or ambiguous descriptions must not be confounded with a description utterly lacking in definiteness.    A deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void.    *Huntress* v. *Portwood,* 116 *Ga.* 351.

Was the deed admissible as color of title? The answer to this. query must depend on what is meant by "color of title." In *Beverly* v. *Burke*, 9 *Ga.* 444, it was defined to be "a writing,. upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used — a title that is imperfect, but. not so obviously so that it would be apparent to one not skilled in the law." And in *Veal* v. *Robinson*, 70 *Ga.* 816, it was said. that color of title "is anything in writing purporting to convey title to land, which defines the extent of the claim, it being imma-. terial how defective or imperfect the writing may be, so that it is. a sign, semblance, or color of title." There are other decisions of our court giving substantially the same definition. From this it will be seen that it is immaterial as to the character of the instru- ment. It is not necessary that the color of title be executed in the form of a deed. Thus it has been held that a purchase at sheriff's sale and payment of the purchase-money, evidenced by a written memorandum and receipt by the sheriff who made the sale, is sufficient to constitute color of title in aid of possession. *Field* v. *Boynton*, 33 *Ga.* 239. A forged bond for title, accepted by the obligee as genuine without knowledge of the fraud, oper- ates as color of title under our statute of prescription. *Griffin* v. *Stamper*, 17 *Ga.* 108; *Millen* v. *Stines*, 81 *Ga.* 655. Varied as the different instruments are, which have been held sufficient to constitute color of title, all of our decisions hold that it is neces- sary that the extent of the claim should be defined in the instru- ment. Unless the land is sufficiently described in the instrument itself, or the description is of such a character that it furnishes the means of identification, the extent of the claim can not be defined. The description in an instrument offered as color of title must afford the means, by the application. of aliunde proof, of identifying the land; and if it is utterly defective in this respect, ·the instrument is not good as color. Title by prescription may result either from twenty years adverse, actual possession without deed, or from seven years possession under color of title. The only distinction between these two titles by adversary possession is that where actual possession is relied on without the aid of a deed, twenty years is necessary before prescription will ripen; but where the adversary possession is held under color of title, the

possession need not extend beyond seven years. In the latter case the color of title aids the possession; and unless there is some description in the instrument which will aid the possession by disclosing the character and extent thereof, the instrument relied on as color of title will be of no advantage to the possessor. Actual possession of a part of the land held under paper title will be extended to the boundaries of the paper title, and the prescriber may thus acquire a prescriptive title to land of which he has only constructive possession. But the "description in a deed to realty introduced as color of title will not be extended beyond its terms because of a belief by the holder under it that it covered land not embraced in that description, nor because of any unexpressed intention in the mind of the grantor that it should cover land not described in the deed itself." *Williamson* v. *Tison,* 99 *Ga.* 791. And if the instrument relied on as color of title be fatally indefinite in description of the premises therein referred to, the actual occupancy of a part can not be adverse to the extent of any boundaries whatever. The necessity of a sufficiently certain description is therefore apparent. While the exact point has not, perhaps, been heretofore definitely raised in this court, the correctness of the proposition has been assumed. See *Tumlin* v. *Perry,* 108 *Ga.* 520. And this conclusion is in accord with the general current of authority. Barker *v.* Ry. Co., 125 N. C. 596; Masterson *v.* Todd, 6 Tex. Civ. App. 131; Williams *v.* Thomas, 18 Tex. Civ. App. 472; Stumpf *v.* Osterhage, 111 Ill. 82; Holbrook *v.* Forsythe, 112 Ill. 306; Wray *v.* R. R. Co., 86 Ill. 424; Wilson *v.* Johnson (Ind.), 43 N. E. 930; 1 Cyc. 1090–1091; 3 Wash. Real Prop. § 1981. It was therefore error to admit the deed in evidence.

2. Possession of land by one's ancestor can not be proved by general family repute. It is a fact which must be established by evidence which is not hearsay. Family tradition of possession of the ancestral home is objectionable as hearsay testimony. The Civil Code, § 5177, which permits descent, relationship, birth, marriage, and death to be established by general repute in the family, can have no reference to proof of possession of land by the ancestor of the claimant of the title. The proposition is too clear for argument; and evidence of family history as to the possession of the premises in dispute by the plaintiff's intestate was erroneously admitted.

3. Complaint is made that the court allowed in evidence the minutes of the court of ordinary, containing the application of one Pitts, as administrator of plaintiff's intestate, for leave to sell certain land therein described. If the purpose of this evidence was to show possession of the land by a former administrator of plaintiff's intestate, it was open to the objection of irrelevancy. An application for leave to sell land by an administrator is neither evidence of possession nor of title in his intestate. An administrator may apply for leave to sell land which is held adversely to him at the time of the application. Indeed, if his purpose is to recover land held adversely by an heir, an order of sale is a necessary prerequisite. *Head* v. *Driver*, 79 *Ga.* 179. It can not be said that an application for leave to sell could in any view be a link in the plaintiff's chain of title. The court should have repelled this evidence.

4. The return of the commissioners appointed by the superior court of Harris county to admeasure and assign dower to the widow of J. T. Whitehead was admitted in evidence over the objection of the defendant. The only part of the land described in the return which related to the premises involved in the suit was described as "ten acres in front and north of the house, cut from lot 272," and the objection to the evidence was that the description was void for uncertainty and not legal evidence of title. The other land assigned to the widow in the return of the commissioners was definitely and particularly described; but there was no description of the premises which are the subject-matter of the present suit. For this reason the dower proceedings, as to the ten acres referred to in the return, were wholly ineffectual. The extent of the widow's claim should appear from the return of the commissioners, because the widow is entitled only to possession of the land which has been defined by them and admeasured to her as dower. The admeasurement of dower must with reasonable clearness disclose the lines of demarkation between the land which the heirs are entitled to presently enjoy and that the enjoyment of which has been postponed till the widow's death. "The return of the commissioners should include a particular description of the land admeasured and laid off to the widow, although errors in the description, as a mistake in the lot or section number, will not be fatal." 14 Cyc. 1008. See also *Smith* v. *Smith*, 112 *Ga.* 351.

A return by commissioners that they had laid off "four acres around the house" was, in Stevens *v.* Stevens, 3 Dana (Ky.), 371, held to be fatally indefinite. There is no essential difference in the procedure for admeasuring dower and for setting apart a year's support in land; and in a proceeding to assign a year's support out of 150 acres of land, to which proceeding a caveat had been filed, it was held by this court that a verdict giving to the widow "fifty acres of land where dwelling-house now stands" was, as to this land, too vague and uncertain to be capable of enforcement. *Lee* v. *English,* 107 *Ga.* 152. The location of the ten acres which the dower commissioners described as being "in front and north of the house, cut from lot 272," can not be definitely ascertained without a resort to extrinsic evidence as to what was the tract of land which the commissioners intended should be set apart to her as dower out of lot 272. It might be a square, a rectangle with a short or long base, or any irregular figure. The description of it set forth in the commissioners' return was too vague and uncertain to support an assignment of dower covering any part of land lot 272. This being true, the return had no relevancy to any issue in the case, and the court should have rejected the same.

The foregoing disposes of all the questions which it is necessary to discuss, as the other assignments of error relate to matters which can not arise on another hearing of the case.

*Judgment reversed. All the Justices concur.*