## CARTER & WOOLFOLK *v.* JACKSON, administrator.

1. Where a case is submitted to an auditor, with instructions to report his findings of fact on the questions raised by the pleadings, and he makes a report to which no exception is taken by either party, the conclusions of fact set forth in the report are binding upon all the parties to the litigation.
2. A finding by the auditor that conveyances which apparently pass into one of the parties to the litigation title to the property in controversy were not based on any "valuable" consideration, would not authorize a conclusion that such conveyances were void as being without any consideration which the law recognizes.
3. Where a person executed a mortgage upon certain property, his administrator is estopped, in a suit brought to foreclose the mortgage, to plead want of title in his intestate at the time the mortgage was executed.
4. When the bill of exceptions is considered in the light of the record, the assignments of error are sufficiently specific for this court to deal with the same.

Submitted May 1, — Decided June 7, 1902.

Foreclosure of mortgage.   Before Judge Spence.   Dougherty superior court.   October 16, 1901.

*Jesse W. Walters*, for plaintiffs.
*R. Hobbs* and *D. F. Crosland*, for defendant.

COBB, J.   Carter & Woolfolk brought in the superior court a petition against A. R. Jackson, as administrator of the estate of W. R. Jackson, praying for the foreclosure of a mortgage which the defendant's intestate had executed and delivered to the plaintiffs. Upon this petition a rule nisi issued.   In answer to the rule the defendant set up that his intestate was not indebted on the notes which the mortgage was given to secure, for the reason that they were without consideration, were executed under duress, and at the time that the mortgage was executed the mortgagor did not have title to the land therein described, plaintiffs having notice of this want of title at the time the mortgage was filed for record.   The case was referred to an auditor, whose authority seems by the order of reference to have been confined to reporting his findings upon the evidence.   The order was so construed by the auditor, and he did not report any conclusions of law, and distinctly declined to decide any question of law which was raised in the case.   The auditor found that the defendant's intestate owed the debt represented by the notes, that the amount of the notes was correct, that there was no duress, and that at the time the notes and mortgage were executed it appeared from the record of deeds in the clerk's office that the defendant's intestate had title to a one-half undivided interest in the property, though the auditor found that this title was not based on any *valuable* consideration.   The plaintiffs filed no exceptions to the auditor's report.   The defendant did file certain exceptions, but it does not appear what, if any, action was taken upon these exceptions, and the defendant is not complaining here of any ruling against him.   The findings of the auditor are therefore conclusive upon both parties to the record.   The case was submitted to the judge, without the intervention of a jury, upon the auditor's report, and upon that report the court entered a judgment in favor of the defendant and denied the rule absolute.   It does not distinctly appear upon what ground the court based this judgment, but, as the defendant was concluded by the auditor's report on the question of the validity and amount of the indebtedness, the court

must have reached the conclusion that the other defense, viz., want of title in the defendant's intestate at the date of the mortgage, had been sustained.    This conclusion of the judge was, we think, erroneous for two reasons.    First, as has been shown above, the auditor found that the defendant's intestate had paper title to the property described in the mortgage, but that this title was not based on any "valuable" consideration.    So far as appears from the auditor's report, W. R. Jackson might have acquired title to the property in controversy by gift from his father, and certainly a finding merely that the written evidence of title was not based on any *valuable* consideration would not authorize a conclusion that the conveyance was void as being entirely without consideration.    But there is another reason, equally conclusive, why the judgment of the court was erroneous.    Even conceding that the title of W. R. Jackson was not based on any consideration which the law recognizes, it did not lie in his mouth and it does not lie in the mouth of his administrator to raise this question.    Having given a mortgage on the faith of a supposed title in him to the property described in the mortgage, both the defendant's intestate and the defendant would be estopped to deny this title.    The law will not tolerate such a defense from them.    If as matter of fact the conveyances which apparently passed into W. R. Jackson title to the property described in the mortgage are void because without consideration, any person whose rights would be affected by a judgment in favor of the plaintiffs can raise this question of want of title in W. R. Jackson at the time the mortgage was given.    Under the findings of the auditor the plaintiffs were, as against the defendant, entitled to a judgment of foreclosure, and the court erred in denying the rule absolute.

It is contended by counsel for the defendant in error that this case should not be considered by this court, because there is no sufficient assignment of error on the judgment to which exception is sought to be taken.    The bill of exceptions recites that the court passed an order entering a judgment in favor of the defendant and denying a rule absolute, and plaintiffs except to this judgment and assign the same as error; and then proceeds as follows: "And for specific error assigns as follows: 1st. Because the court erred in holding that, at the time of executing the mortgage sought to be foreclosed, Walter R. Jackson, the maker thereof, did not

have title to the mortgaged lands." The bill of exceptions then assigns error on two other "holdings" of the court. It is true this court has repeatedly ruled that a general exception to a judgment of the court in a case submitted to the judge on an agreed statement of facts, without the intervention of a jury, does not present any question for consideration by this court. *Collins* v. *Carr*, 111 *Ga.* 867, and cases cited; *City of Fitzgerald* v. *Merchants Bank*, 113 *Ga.* 1151, and cases cited. The proper way to assign error upon such a judgment is to state whether the court erred in his findings of fact or in his conclusions of law; and if in the latter, it would probably be good practice to set out specifically wherein it is claimed the court erred in his conclusions of law upon which the judgment in favor of the defendant in error was based. In the present case the plaintiffs except generally to the judgment, and then for specific assignment of error say the court erred in certain "holdings." If the bill of exceptions means to allege that the general judgment was based on these rulings and that they are erroneous, this is manifestly all that either the law or good practice would require. And when the bill of exceptions is construed in the light of the record, it becomes plain that this is exactly what is meant. The general judgment in favor of the defendant was necessarily based on the conclusion that the defendant's intestate had no title to the mortgaged property at the time the mortgage was executed. This is the only theory on which the judgment could have been based. A general exception to the judgment, and a specific assignment of error on the special ruling upon which the judgment was based is sufficient to present for consideration the question whether the court erred in the special ruling complained of, and in entering the general judgment in favor of the defendant based on this special ruling.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*