## LARAMORE *et al.* v. JONES; *et vice versa.*

1. A decree entered upon an auditor's report, which has been allowed and approved by the court without any objections having been made thereto, is as conclusive as to all matters covered by it as any other judgment of the court.

(*a*) Findings of fact set forth in the report of an auditor, to which no exception is taken by either party, are binding upon all the parties to the litigation.

(*b*) But where the trial judge overruled all exceptions of law and fact filed by the defendant to the report of the auditor, to which ruling and the entire final decree in the case the defendant excepted and brought the case to this court, which reversed such final judgment or decree, the defendant was not precluded by such judgments from submitting, on a rehearing before the auditor, evidence to establish the facts found by the auditor in his first report, and from filing exceptions to the findings of fact by the auditor on such rehearing, which were the same as the findings of fact embraced in his first report, and from having the same passed upon by the court and jury; this court in its judgment of reversal not having made any specific rulings on said exceptions of fact, and not having given any direction confining the rehearing before the auditor to any specific questions of fact involved in the case.

(*c*) The judgment of reversal by this court was a general judgment based upon specific errors, and did not have the effect of affirming findings of fact by the auditor which were not considered by this court. The language, "On another hearing before the auditor, which is hereby directed, evidence on both questions should be received, and specific rulings should be made upon each question," which is found in the opinion of this court, should not be construed to conclude the defendant from submitting evidence to establish facts embraced in the previous findings of the auditor, from excepting to the findings thereon, and from having the trial court to act thereon; this language not amounting to an express or implied direction to the auditor not to hear evidence pertinent to other questions involved in the case.

2. The ruling in *Alexander* v. *Chipstead*, 152 *Ga.* 851 (111 S. E. 552), as follows: "When the grantor in a security deed dies after the execution thereof, and the grantee undertakes to exercise a power of sale therein contained, the property should be advertised and sold as the property of the estate of the grantor," will not be extended to a bona fide purchaser claiming title from another who purchased land when sold under such power of sale.

3. Under the rulings above made, there is no merit in the other grounds

of the motion for new trial; and the court did not err in refusing to grant a new trial.

Nos. 3980, 4045.    JANUARY 19, 1924.

Equitable petition. Before Judge Littlejohn. Lee superior court. June 9, 1923.

*J. E. D. Shipp, W. G. Martin,* and *Pottle & Hofmayer,* for plaintiffs.

*R. L. Maynard* and *Wallis & Fort,* for defendant.

HINES, J. The defendant excepted to certain findings of fact by the auditor in his previous report. The court below overruled these exceptions. This court reversed this judgment of the lower court. *Jones* v. *Laramore, 149 Ga.* 825 (102 S. E. 526). Thereafter on May 3, 1920, the trial judge again referred the case to the auditor, "as directed by the Supreme Court," who was "authorized and directed to hear said cause under said decision of the Supreme Court, and that he make report of his findings of fact and conclusions of law," to which "either party to said cause may file exceptions, . . as the law in such cases is made and provided." The auditor again heard said case, and made a report of his findings of fact and conclusions of law. To this report the defendant filed, among other exceptions of fact, the two following: "Second: Because the auditor erred in finding as a matter of fact in finding 'The land in controversy was not sold regularly, as provided by law relative to sales by power of attorney, by the said Equitable Mortgage Company, and was not sold at the time and place as advertised in the Lee County Journal,' to which finding of fact of the auditor the defendant, D. C. Jones, then and there excepted and does now except and assign the same as error, and says it was error because the said finding is contrary to the evidence and pleadings in the case." "Seventh: Because the auditor erred in his finding of facts by finding the following: 'I find that D. C. Jones, who was a near neighbor of the plaintiffs and their parents, and who had dealt with Louise and Mary Laramore with reference to lot No. 37 and the timber on lot No. 36, and who had talked with others concerning these lands, took possession of lot No. 36 with notice of all the facts and status of said lot.' To which ruling and finding of the auditor said D. C. Jones then and there excepted and does now except and assign same as error and says that it is (a) contrary to the law, (b) contrary to the evidence, and (c) without evidence to support it."

The findings of fact embraced in the foregoing exceptions were substantially the same as those embraced in his first report, to which the defendant had excepted, and which had been overruled by the lower court before this case was first brought to this court. Counsel for the plaintiffs, on the hearing of these last exceptions of fact, urged that the court was without power and authority to approve said exceptions of fact, "upon the ground that the questions therein sought to be raised were res adjudicata, and had been conclusively determined in favor of the plaintiffs by the decree entered upon the former report of the auditor . . and the decision of the Supreme Court, rendered upon a writ of error complaining of said decree." Counsel for the defendant contended that the court did have power and authority to approve said exceptions of fact, under a proper construction of the first order of recommitment rendered after the decision of the Supreme Court, as well as under a proper construction of that decision; and also because the record showed that the second hearing before the auditor was treated by him and all the parties to the cause as a de novo investigation. The trial court overruled said contention of plaintiffs, and passed an order approving said exceptions of fact. To this ruling plaintiffs filed their exceptions pendente lite, and assign error thereon in their present bill of exceptions. Thereafter said case came on to be tried before a jury upon said two exceptions of fact; and in response to questions propounded by the court, the jury found against the plaintiffs and in favor of the defendant. Plaintiffs moved for a new trial, on the general grounds; and at the hearing amended the motion. The court passed an order overruling the motion for new trial on all the grounds thereof. To this judgment the plaintiffs excepted and assigned error thereon. After the rendition of said verdict, and before any judgment had been entered thereon, plaintiffs moved the court in writing to enter a decree in their favor, notwithstanding the verdict, upon the ground that the questions which had been submitted to the jury were res adjudicata, and had been previously determined in their favor by the decree of the court entered on the former report of the auditor in said case. The court declined to grant said motion, and entered a decree in favor of the defendant upon the verdict which had been rendered. To this ruling the plaintiffs filed their exceptions pendente lite; and they assign error thereon in their present bill of exceptions.

1. We will deal first with the contention of the plaintiffs that the defendant was concluded by the judgment of the lower court which overruled, all his exceptions, both of law and fact, to the findings of the auditor in his first report, and by the judgment of this court which reviewed and reversed that judgment, from having his exceptions of fact, above set out and numbered 2 and 7, to the last report of the auditor, heard and passed upon by the trial judge. When the case was here before (*Jones* v. *Laramore,* supra) "the defendant assigned error upon the overruling of the exceptions of law and fact, and upon the judgment in its entirety." He likewise excepted to the refusal by the court of his motion to recommit the case to the auditor, for a finding on matters on which he had not specifically reported. This court held that it was erroneous to overrule the motion to recommit the case to the auditor, in so far as it related to the above findings. This court further held, that the auditor erred in adopting as the sole measure of the defendant's liability the net profit which he realized from the cultivation and use of the land. Again, this court made this ruling: "Accordingly the auditor erred in holding that upon the death of the grantor in the security deed legal title to the land descended to her heirs at law." This court, in dealing with this error of the auditor, further said: "On the basis of such ruling the auditor further found: 'That the title to the land in controversy vested in the three plaintiffs and their father immediately upon the death of their mother . . ; that any right of action pertaining to the land in controversy was therefore in the plaintiffs, who were then minors; and that for this reason they are not barred by the statute of limitations.' . . By this ruling, when considered in the light of the pleadings and the evidence, it is not clear whether the auditor, in referring to the 'statute of limitations,' meant the limitations as specified in the Civil Code, § 3267, relating to actions against mortgagees in possession of the mortgaged property, and applied, in *Gunter* v. *Smith* [113 *Ga.* 18, 38 S. E. 374], to grantees in possession under security deed, or to the law of prescription. On another hearing before the auditor, which is hereby directed, evidence on both questions should be received, and specific rulings should be made upon each question." This court then reversed the judgment of the court below. Under this judgment so reversed by this court, the trial judge overruled all of the defendant's excep-

tions of law and fact; and rendered judgment in favor of the plaintiffs for their interests in the land in controversy. One decree embraced both objects. Both were accomplished by one final decree in the case.

What is the proper construction of the judgment of this court reversing the final decree in the case rendered by the lower court? Was it a reversal pro tanto or in toto? Was it an affirmance of such final decree in part and a reversal thereof in part? It is undoubtedly true that a decree entered upon an auditor's report, which has been allowed and approved by the court, without any objections having been made thereto, is as conclusive as to all matters covered by it as any other judgment of the court. *Anderson* v. *Usher,* 59 *Ga.* 567. It is also true that conclusions or findings of fact set forth in the report of an auditor, to which no exception is taken by either party, are binding upon all the parties to the litigation. *Carter* v. *Jackson,* 115 *Ga.* 676 (42 S. E. 46); *Wiley* v. *Sparta,* 154 *Ga.* 1, 23 (114 S. E. 45, 25 A. L. R. 1342). In this case exceptions to the auditor's findings both of law and fact embraced in his first report were filed. The trial judge disapproved and disallowed all of these exceptions. This judgment, unexcepted to, would be binding on the defendant. Likewise the conclusions of law and findings of fact by the auditor would thus become binding on him, although excepted to. But, as we have seen above, the defendant excepted to the overruling of his exceptions of law and fact and to the entire final decree in the case, and brought the case to this court for review. This court reversed the judgment of the lower court. It was a general judgment of reversal, based on certain specific errors pointed out by this court. The language in the concluding paragraph of the decision of this court, which is set out above, cannot be construed to mean that this court affirmed all findings other than those with which it specifically dealt. Specific rulings made by this court on exceptions to the report of the auditor became the law of the case, which would bind all the parties thereto. Certainly the judgment of the lower court, overruling certain exceptions to the findings of fact by the auditor, which was excepted to, was not such a final and conclusive judgment as would prevent the auditor from again hearing evidence to establish such facts, and from reporting his findings thereon. *Mathewson* v. *Reed,* 149 *Ga.* 217 (3) (99 S. E. 854).

The judgment of reversal by this court was a general judgment, based upon specific errors pointed out by this court. It was not a judgment affirming in part and reversing in part the judgment which was reviewed and reversed. This court held that the case should have been recommitted to the auditor for findings on certain matters which he had not specifically reported, and for correction of divers rulings on the law of the case. This court expressly directed a rehearing by the auditor. It is true that if this court had adopted all the findings of the auditor except on given questions, and directed the auditor to confine the rehearing to such specific questions alone, and to report only his findings thereon, the auditor would not have been authorized to pass upon all the questions of law and fact involved in the case; but this court did not give such direction in the case, did not confine the rehearing to specific questions, and did not expressly or by fair implication direct that the auditor should not pass on all questions of law and fact involved in the case. In the absence of direction by this court, so confining the new hearing before the auditor, the reversal of the judgment of the court below was the grant of a de novo investigation before the auditor upon the facts. The rulings upon the law by this court became final and conclusive. The effect of the judgment of this court was to vacate the erroneous judgment of the court below, and the legal consequence was the grant of a hearing de novo before the auditor upon the issues of fact involved, and on all questions of law not settled by the decision of this court. *Woods* v. *Jones,* 56 *Ga.* 520; *Schley* v. *Schofield,* 61 *Ga.* 528. On the second hearing before the auditor all questions made by the original pleadings and by appropriate amendment thereto, not decided by this court on review, or not inconsistent with the opinion rendered by this court in the case, were still open for adjudication by the auditor. *Hixon* v. *Callaway,* 5 *Ga. App.* 415 (63 S. E. 518). So we are of the opinion that the court did not err in holding that the defendant was not precluded from having his said exceptions of fact passed upon by the auditor, and in refusing to enter a decree in favor of the plaintiffs, notwithstanding the verdict of the jury.

2. In the first ground of the amendment to their motion for new trial the plaintiffs assert that the court erred in submitting to the jury the defendant's exception to the second finding of fact, because it appeared, under the undisputed evidence, that at the

time of the sale of the lot in controversy the grantor in the security deed was dead, and that said lot was not advertised for sale as the property of her estate, for which reason, plaintiffs say, the sale was void. This exception is based on the ruling made in *Alexander* v. *Chipstead,* 152 *Ga.* 851 (supra), as follows: "When the grantor in a security deed dies after the execution thereof, and the grantee undertakes to exercise a power of sale therein contained, the property should be advertised and sold as the property of the estate of the grantor." The ruling in that case is not applicable under the facts of this case. In that case the purchaser was the grantee in the security deed. In this case the defendant was not the purchaser at the sale had under the power in the security deed; but he claimed title under a deed from the purchaser at such sale. In the above-cited case this court said: "We are not now prepared to hold that a sale, under such circumstances, to an innocent purchaser for value, would be void on account of such irregularity." We now hold that it would not be void. The writer of the opinion in that case reluctantly followed the previous ruling in *Greenfield* v. *Stout,* 122 *Ga.* 303 (50 S. E. 111). We shall not extend said ruling beyond the facts of that case; but shall confine it to sales where grantees in the instruments embodying powers of sale become the purchasers.

3. Under the rulings made above, there is no merit in the other grounds of the motion for new trial; and the court did not err in refusing to grant a new trial.

4. Having affirmed the rulings complained of in the main bill of exceptions, the cross-bill of exceptions is dismissed.

*Judgment on main bill of exceptions affirmed; cross-bill of exceptions dismissed. All the Justices concur.*