## McWILLIAMS *v.* McWILLIAMS.

ATKINSON, J. The exception is to a judgment overruling the plaintiff's motion for a new trial, in a suit for specific performance of an alleged parol contract for an undivided third interest in described realty. *Held:*

1. The fourth, fifth, and sixth grounds of the motion for a new trial, complaining of the exclusion of evidence offered by the plaintiff, show no error.

2. The excerpt from the charge of the court, complained of in the seventh ground of the motion for a new trial, was not erroneous as against the plaintiff.

3. The verdict for the defendant was authorized by the evidence, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 6380. AUGUST 18, 1928.

Equitable petition. Before Judge Hutcheson. Campbell superior court. October 31, 1927.

Miss Mary McWilliams instituted an action against James A. McWilliams, for specific performance of an alleged parol contract for an undivided third interest in described realty. A verdict was returned for the defendant. The plaintiff made a motion for new trial on the general grounds, and on special grounds as follows:

"4. Because the court ruled out the following questions and answers in the testimony of plaintiff as given in her depositions, and as offered in evidence. 'Miss Mary, was the home place known as their home, or your home, or whose home? A. I don't know. I thought it was mine. Q. What did people generally call it? A. They always called it mine. I was always there. They had a farm off, and they would not be there very often in the daytime. They would be gone.' This testimony was offered for the purpose of showing the general repute or understanding in this community that the old home place was known as the home of Miss Mary Mc-

Williams, and that it was perfectly natural that the defendant knew of it. And movant contends the court erred in excluding it from the jury.

"5. Because the court ruled out the following questions and answers as taken in the plaintiff's depositions, and offered in evidence. 'Q. Miss Mary, what happened to the property of your brother John? A. I never knew a thing about his property. I ought to have got part of his property. I never got a dollar of his property. Q. What condition was your brother John in mentally, when your brother James A. took a deed from him in 1915, or 1914, or whatever time it was? A. I don't know a thing about—when he got the deed? Q. Yes. A. There was something the matter with him. He didn't have a good mind, I don't think. I know he wasn't like he ought to have been. Q. What was the condition of his mind in 1912, if you know? A. He was doing pretty well then. He wasn't as bad as he got to be.' This evidence was tendered to show that the plaintiff's brother John could not, in all probability, understand the effect of his acts and his obligations to his sister, in deeding his property to the defendant, and to show the circumstances under which all this property, including that which his sister, the plaintiff, had paid one third had been deeded to the defendant by John McWilliams, and to show that the defendant had received the property given his brother John by their father. Movant contends the court erred in excluding it from the jury.

"6. Because the court ruled out the following evidence offered in plaintiff's depositions: 'Q. How much property do you own now? I don't own nothing, except some money I have in the bank. That is all I own. Q. Outside of this claim? A. Outside of this claim we have here.' This was offered to show to the jury that after eighty years of service with her brothers that she had not accumulated anything other than the interest she claims in this land, while the defendant claimed to have accumulated enough to buy all the 200 acres.

"7. Because, as movant contends, the court erred in charging the jury as-follows: 'If you find, gentlemen, that the plaintiff has not made out her case by a preponderance of the evidence, but that the evidence is equally balanced, so that you are unable to say where the preponderance of the evidence is, then you would find a verdict

for the defendant.' This charge of the court, as movant contends, eliminates the right and duty of the jury to disagree and make a mistrial if they can not agree as to where the preponderance of evidence is, and is equivalent to telling the jury if they are in doubt to find for the defendant."

*J. J. Barge,* for plaintiff.    *L. S. Camp,* for defendant.