LEFKOFF *v.* SICRO, administratrix, *et al.; et vice versa.*

JENKINS, Justice. 1. "When the issues of both law and fact in an equity cause are referred to an auditor," he "takes the place of the jury and the judge, and is pro hac vice the chancellor. To his report exceptions

can be filed, to be separately classified as exceptions of law and exceptions of fact. [Code, § 10-301.] When exceptions of law are filed, they are for the exclusive consideration of the judge. [§ 10-401.] In equitable proceedings, if exceptions of fact are filed, and the judge approves the same, the same shall be submitted to the jury." § 10-402. *Wiley* v. *Sparta*, 154 *Ga.* 1, 23 (114 S. E. 45).

2. "The only way to take advantage of any alleged error of the auditor in his rulings on the law or in his findings of fact is to file exceptions thereto." *Merchants National Bank of Rome* v. *Armstrong*, 107 *Ga.* 479, 483 (33 S. E. 473). "If the judge does not approve any exception of fact, the same becomes conclusive" *(Wiley* v. *Sparta*, supra); and "findings of fact; . . to which no exception is taken by either party, are binding upon all the parties to the litigation." *Laramore* v. *Jones*, 157 *Ga.* 366 (121 S. E. 411); *Carter* v. *Jackson*, 115 *Ga.* 676 (42 S. E. 46).

3. The petition by the alleged common-law wife of a decedent, against his heirs and the administratrix of his estate, prayed that plaintiff be decreed his lawful wife and widow, that an accounting be had and a judgment be rendered in her favor as sole heir, that a receiver and injunction be granted, that the appointment of the administratrix be vacated, and that the plaintiff have general relief. On the essential issue of marriage vel non, the auditor, to whom were referred all questions of law and fact, made findings, both of law and of fact, that the plaintiff had submitted "no legal evidence upon which to predicate a finding in [her] favor on this phase of the case;" that "no marriage was shown to have taken place by direct evidence thereof," under any specific marriage contract "as alleged in the petition;" and that, as to a marriage otherwise than by a specific marriage contract, "the evidence on the question of habit and repute, which includes the conduct of plaintiff and deceased between themselves and with third persons, preponderates in favor of the defendants." The auditor found generally "in favor of the defendants on the issue of marriage vel non, and that the plaintiff can not recover." He also made special findings of fact and of law with respect to particular averments and prayers of the petition, besides findings that she was not entitled to each particular relief sought, because of the findings against her on the issue of marriage. The plaintiff's thirty-six exceptions to the auditor's report are limited to exceptions of law to the rulings excluding certain specified evidence offered by the plaintiff on the issue of marriage. There was no exception to the specific findings against the plaintiff on the essential issue of marriage, and no exception to the finding that on the issue of marriage vel non the evidence preponderated against the plaintiff; nor was there any exception to the general finding that she was not entitled to any of the relief prayed. Under the preceding rulings, the trial court did not err, on motion of the defendants, in treating these adverse findings of the auditor, unexcepted to, as conclusive against the plaintiff, and in approving the auditor's report and entering a decree in favor of the defendants. See, by analogy, *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (58 S. E. 1047); *Peerless Laundry Co.* v. *Abraham*, 193 *Ga.* 179 (3) (17 S. E. 2d, 267); *Henson* v. *Merritt*, 193 *Ga.* 108 (17 S. E. 2d, 545).

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

Nos. 13958, 13961.   JANUARY 14, 1942.

*C. V. Whiddon, C. E. Moore,* and *F. L. Breen,* for plaintiff.
*A. S. Grove,* for defendants.