1. "When the issues of both law and fact in an equity cause are referred to an auditor," he "takes the place of the jury and the judge, and is pro hac vice the chancellor. To his report exceptions *Page 293 
can be filed, to be separately classified as exceptions of law and exceptions of fact. [Code, § 10-301.] When exceptions of law are filed, they are for the exclusive consideration of the judge. [§ 10-401.] In equitable proceedings, if exceptions of fact are filed, and the judge approves the same, the same shall be submitted to the jury." § 10-402. Wiley v. Sparta, 154 Ga. 1, 23 (114 S.E. 45).
2. "The only way to take advantage of any alleged error of the auditor in his rulings on the law or in his findings of fact is to file exceptions thereto." Merchants National Bank of Rome v. Armstrong, 107 Ga. 479, 483 (33 S.E. 473). "If the judge does not approve any exception of fact, the same becomes conclusive" (Wiley v. Sparta, supra); and "findings of fact, . . to which no exception is taken by either party, are binding upon all the parties to the litigation." Laramore v. Jones, 157 Ga. 366
(121 S.E. 411); Carter v. Jackson, 115 Ga. 676 (42 S.E. 46).
3. The petition by the alleged common-law wife of a decedent, against his heirs and the administratrix of his estate, prayed that plaintiff be decreed his lawful wife and widow, that an accounting be had and a judgment be rendered in her favor as sole heir, that a receiver and injunction be granted, that the appointment of the administratrix be vacated, and that the plaintiff have general relief. On the essential issue of marriage vel non, the auditor, to whom were referred all questions of law and fact, made findings, both of law and of fact, that the plaintiff had submitted "no legal evidence upon which to predicate a finding in [her] favor on this phase of the case;" that "no marriage was shown to have taken place by direct evidence thereof," under any specific marriage contract "as alleged in the petition;" and that, as to a marriage otherwise than by a specific marriage contract, "the evidence on the question of habit and repute, which includes the conduct of plaintiff and deceased between themselves and with third persons, preponderates in favor of the defendants." The auditor found generally "in favor of the defendants on the issue of marriage vel non, and that the plaintiff can not recover." He also made special findings of fact and of law with respect to particular averments and prayers of the petition, besides findings that she was not entitled to each particular relief sought, because of the findings against her on the issue of marriage. The plaintiff's thirty-six exceptions to the auditor's report are limited to exceptions of law to the rulings excluding certain specified evidence offered by the plaintiff on the issue of marriage. There was no exception to the specific findings against the plaintiff on the essential issue of marriage, and no exception to the findings that on the issue of marriage vel non the evidence preponderated against the plaintiff; nor was there any exception to the general finding that she was not entitled to any of the relief prayed. Under the preceding rulings, the trial court did not err, on motion of the defendants, in treating these adverse findings of the auditor, unexpected to, as conclusive against the plaintiff, and in approving the auditor's report and entering a decree in favor of the defendants. See, by analogy, Lyndon v. Georgia Railway Electric Co., 129 Ga. 353 (58 S.E. 1047); Peerless Laundry Co., v. Abraham, 193 Ga. 179 (3) (17 S.E.2d 267); Henson v. Merritt, 193 Ga. 108
(17 S.E.2d 545). *Page 294 
 Judgment affirmed on the main bill of exceptions; cross-billdismissed. All the Justices concur.
 Nos. 13958, 13961. JANUARY 14, 1942.
In 1937 Mrs. Essie Harris Lefkoff filed in the superior court an equitable petition against Perle L. Sicro as administratrix of the estate of Mike Lefkoff, deceased, a sister of the deceased, and against other sisters, the brothers, and the mother and father of the deceased. It was alleged, that the plaintiff and the deceased in 1925 agreed to enter into and bear the relationship of wife and husband, and this relationship continued until the death of Lefkoff; that this was not a ceremonial marriage, but what is known as a common-law marriage; that after entering into said relationship she became in ill health, and Lefkoff, fearing that she had contracted tuberculosis from him, took her to Miami, Florida, in July, 1925, and spent a week there with her in a hotel, where he registered as man and wife; that immediately thereafter he came back to Atlanta, Georgia, but she remained in Florida until about April, 1926, when she returned to Atlanta; that from this time until the death of Lefkoff in September, 1936, they lived as man and wife at various places of abode in Atlanta; that she worked in his mercantile business, and was working there at the time of his death. The petition contained further averments as to the character and amount of his estate, and a claim to the entire estate as common-law wife. By amendment she charged that the administratrix had perpetrated fraud upon the court of ordinary, by procuring her appointment; and that the administratrix had mismanaged the estate. It was prayed that the plaintiff be decreed to be the common-law wife and widow of Lefkoff; that a receiver be appointed to take charge of the estate; that the defendants be enjoined from interfering with the estate; that the administratrix be removed; that an accounting be had with the administratrix; and that general relief be granted.
All of the defendants (except one sister of the deceased, who was not served and filed no plea) demurred generally and specially to the petition. They answered, denying that plaintiff and Lefkoff were ever married by a ceremonial marriage, common-law marriage, or otherwise. They denied all the material averments of *Page 295 
the petition as amended, and denied that plaintiff was entitled to any of the relief prayed. The demurrers were overruled, and exceptions pendente lite were taken to that judgment.
On a trial before the judge and a jury, by consent of the parties, on the sole issue of marriage vel non, the jury returned a verdict on that issue in favor of the defendants, and a decree was entered in their favor. The plaintiff brought to this court her bill of exceptions on the refusal of a new trial; and the defendants brought their cross-bill of exceptions, assigning error on the exceptions pendente lite to the overruling of their demurrers. On the main bill this court reversed the judgment, because of an error in the charge to the jury; and on the cross-bill affirmed the judgment. Lefkoff v. Sicro, 189 Ga. 554
(6 S.E.2d 687).
Thereafter the case was referred to an auditor, to hear and determine all questions of law and fact. The auditor, after hearing voluminous testimony, filed his report with findings of law and fact. With regard to the averments of a specific contract in 1925, whereby the decedent and the plaintiff agreed each with the other to assume the marital relation, the auditor found that "no evidence was offered throughout the hearing to prove the existence of a specific contract between the plaintiff and the deceased, . . except certain proffered evidence of the plaintiff herself to that effect;" that "since it has already been made to appear in this report, under rulings made on objections to evidence, heretofore set forth, that all testimony delivered by the plaintiff on this particular subject was, on timely objection made thereto, ruled out and disallowed, there is no legal evidence upon which to predicate a finding in favor of the plaintiff on this phase of the case;" and that "no marriage was shown to have taken place, by direct evidence thereof, between the parties, as was alleged." The auditor further found that "the petition, . . besides the allegation respecting a specific contract, included other averments which, in view of the former allegations that a definite contract of marriage at a certain time was entered into by the parties, are evidentiary in character" (these averments relating to the living together as man and wife in Florida and in Atlanta, Georgia, and to the holding out of the plaintiff as the wife of the deceased to those with whom he came in contact); that "the plaintiff would not necessarily be debarred of recovery, despite her failure to prove the specific marriage *Page 296 
contract alleged, provided she can establish by a preponderance of the evidence the facts touching cohabitation, habit, and repute, which are set forth in her petition;" and that "under rulings made on objections to evidence, all testimony delivered by the plaintiff on the question of cohabitation between herself and deceased in Florida was ruled out and disallowed." The auditor then found that "the evidence is insufficient upon which a finding may be predicated in favor of the plaintiff as to her cohabitation with the deceased in Florida," and that "the plaintiff and deceased did not live together in Florida as man and wife." He then reviewed the oral and documentary evidence on the issues raised "as to cohabitation between the plaintiff and deceased at each of the Atlanta addresses named in the petition," and "the evidence as to proof of a marriage . . from their declarations and conduct and also from repute," and as to whether such evidence was "sufficient to incline an impartial mind to the plaintiff's side of the case rather than the other;" and held as a finding of fact that "the evidence on the question of habit and repute, which includes the conduct of plaintiff and deceased between themselves and with third persons, preponderates in favor of the defendants," and "accordingly, I find that no contract of marriage was entered into between the plaintiff and the deceased." He then made the general finding: "I find in favor of the defendants on the issue of marriage vel non, and that the plaintiff can not recover." As to alleged fraud by the administratrix in her appointment, and the prayer for an accounting with her, it was found that the plaintiff had no right to complain or to have an accounting, since she was not the common-law wife or widow of the deceased. Independent findings, adverse to the plaintiff, were made as to other alleged acts of fraud and a waste of the estate.
The auditor made findings of law, excluding certain testimony offered by the plaintiff as to statements and declarations by the deceased before his death, and as to transactions between the plaintiff and the deceased before his death; and excluding a deposition of the plaintiff, taken by the defendants under the Code, § 38-1801, for the purpose of cross-examination of an opposite party, and containing testimony by the plaintiff as to transactions between her and the deceased. The auditor excluded all of this evidence, on the ground, that, the witness being a party plaintiff and the administratrix *Page 297 
of the estate of the deceased being a defendant, the plaintiff was incompetent to testify under the Code, § 38-1603(1), as to such matters.
No exception to findings of fact was filed by either party, as the judgment of the court recites, without any exception to this ruling. The plaintiff filed thirty-six exceptions of law to adverse rulings on the admission of evidence offered by her, as above indicated. The defendants filed seven exceptions of law to adverse rulings, admitting certain evidence for the plaintiff, excluding evidence for the defendants; and to a finding of law that "the plaintiff would not necessarily be debarred of recovery despite her failure to prove the specific marriage contract alleged," provided that she proved a marriage by a preponderance of evidence "touching cohabitation, habit, and repute;" and a finding of law that "in the event the findings of the auditor on the issue of marriage vel non are incorrect, the plaintiff is entitled to . . recover of the administratrix the sum of $26,501.84, that being the highest proven value of the estate."
The defendants moved to strike the plaintiff's exceptions of law to the auditor's report, ground 3 of the motion being that none of the parties to the case had excepted to any finding of fact; that the auditor had "found that no contract of marriage was entered into between the plaintiff and the deceased," had found that "no specific contract of marriage was shown, nor was any marriage shown by the course of conduct of the parties or by general repute in the community where the parties lived," and had found "as a matter of law . . in favor of the defendants on the issue of marriage vel non, and that the plaintiff can not recover;" that "this conclusion of law of the auditor was not excepted to by the plaintiff or by any of the parties to the case;" that "since none of the findings of fact . . were excepted to by the plaintiff or any of the parties to the case, such conclusions became binding;" that, "this being true, the exceptions of law filed by the plaintiff to the auditor's report, which deal entirely with the rulings of the auditor on the admissibility of evidence, become wholly immaterial, since such rulings, even if erroneous, could not affect the aforesaid findings of fact of the auditor, which were not excepted to and which are the law of the case and which are res judicata as to the matters covered by such findings." *Page 298 
In the plaintiff's exceptions of law, dealing entirely with the exclusion of her evidence, as indicated, there is no exception to any other special finding of law, no exception to any of the quoted general findings of law relating to marriage, and no exception to any of the general findings of law against the plaintiff on other questions in the case. After the final exception to the exclusion of plaintiff's deposition, on the ground that by taking it for the purpose of impeaching the plaintiff the defendants waived their right to its introduction as evidence for the plaintiff, it is stated: "Plaintiff further excepts to the conclusions of law, heretofore set forth, upon the ground that same are contrary to law, and assign error thereon, and say that said ruling entered into and controlled thefindings of fact of the auditor." It is not stated that they "entered into and controlled" any finding of law.
On July 9, 1941, the exceptions of law by both parties and the defendants' motion to dismiss the plaintiff's exceptions of law coming on to be heard, the court ruled that "no exception to findings of fact has been filed within the time prescribed," and that all of the plaintiff's exceptions of law, having reference to the admissibility of evidence, were irrelevant and immaterial; and that, paragraph 3 of the defendants' motion being sound, the auditor's findings of law were sustained. The plaintiff filed no exceptions pendente lite and no final exception to this order.
On July 11, 1941, the cause coming before the court for a final decree, a decree was entered, referring to the order of July 9 and the rulings therein made; disapproving, disallowing, and overruling all of the plaintiff's and defendant's exceptions to the auditor's findings and conclusions of law, approving the same, and making them the judgment of the court; decreeing that the plaintiff was not the common-law wife of the deceased, or entitled to recover against the defendants; and rendering judgment for the defendants on all of the issues in the case. The plaintiff excepted to the final decree as contrary to law, and because the defendants "had specifically waived any objections . . to the admission of [her] testimony . . by having taken her testimony by deposition and having used said deposition in the cross-examination of [plaintiff] in all trials . . for the purpose of discrediting her." By a cross-bill of exceptions the defendants assigned error on their exceptions pendente lite to rulings adverse to them in the order of *Page 299 
July 10, 1941, overruling their seven exceptions of law; and assigned error on the disapproval and overruling of such exceptions, as ordered in the final decree.
The defendants moved to dismiss the writ of error, on the ground that the exceptions to the auditor's report were insufficient, for reasons similar to those in their motion in the trial court to dismiss the plaintiff's exceptions to that report, and on other grounds attacking the sufficiency of such exceptions.