ASBURY, executrix, *et al.* *v.* MCCALL.

DUCKWORTH, Presiding Justice.  1. The final report of the examiner in the present land-registration case reciting that the evidence did not disclose that the objectors had any interest in the land, such finding unexcepted to in this respect became binding upon all parties to the litigation.  *Carter* v. *Jackson*, 115 *Ga.* 676 (1) (42 S. E. 46) ; *Barber* v. *Southern Service Corp.*, 182 *Ga.* 124, 127 (185 S. E. 93) ; *Lefkoff* v. *Sicro*, 193 *Ga.* 292 (2) (18 S. E. 2d, 464).  Having no interest in the land, the objectors were without authority to contest the right of the applicant to a decree of registration of title in his name.  See Code, § 60-206; Powell on Land Registration, 45, § 52.  Accordingly, the trial court did not err in striking and dismissing on motion all pleadings filed by the objectors.

2. The fact that the applicant for registration of the land named one of the objectors as defendant (the other intervening) did not affect the right of the applicant to move to strike and dismiss such defendant's pleadings when the evidence failed to show that he had any title or interest in the land sought to be registered by the applicant.  See C. M. Patten & Co. *v.* United States, 61 Fed. (2d) 970; Benitez *v.* United States, 141 Fed. (2d) 943.

3. Where, after a reversal by this court, in *McCall* v. *Asbury*, 190 *Ga.* 493 (9 S. E. 2d, 765), of the judgment of the trial court denying the right of the applicant to register the land, the objectors brought to this court a bill of exceptions assigning error on the judgment by the trial court entitling the applicant to registration of the land in his name (*Asbury* v. *McCall*, 192 *Ga.* 102, 14 S. E. 2d, 715), the failure of the applicant at that time to assign error by cross-bill of exceptions on the court's refusal to sustain his previous motion to strike and dismiss the objections did not preclude him from thereafter making a motion to strike and dismiss all pleadings of the objectors, since, after the judgment in *McCall* v. *Asbury*, supra, the proceeding was, as ruled in *Asbury* v. *McCall*, supra, an investigation de novo, and all questions not previously determined by this court were reopened for consideration.  *Laramore* v. *Jones*, 157 *Ga.* 366, 371 (121 S. E. 411) ; *Holton* v. *Lankford*, 189 *Ga.* 506, 526 (6 S. E. 2d, 304) ; *Asbury* v. *McCall*, supra.          *Judgment affirmed.*  *All the Justices concur.*

No. 15788.  APRIL 17, 1947.

*James Maddox,* for plaintiffs in error.
*Matthews, Owens & Maddox,* contra.