TOVELL *et al. v.* LEGUM *et al.*

No. 17128.  July 12, 1950.

*Clifford Walker, J. Benton Evans, J. Ellis Mundy, U. S. Attorney, F. Douglas King, Drennan & Brannon,* and *Smith, Partridge, Field, Doremus & Ringel,* for plaintiffs in error.

*Matthews & Long, Lovejoy & Mayer, Young & Hollis, Foley & Chappell, Cleveland Rees, J. R. Sparks, Ben R. Freeman, G. A. Huddleston,* and *E. O. Dobbs,* contra.

ALMAND, Justice. ■ In their cross-action, the defendants alleged: that immediately following the execution of the note sued upon, the plaintiffs got control of the defendants' business and refused to allow the partnership to continue; that such action was pursuant to a fraudulent conspiracy entered into by the plaintiffs "to wreck and destroy the business and bring about a condition that would compel a liquidation and discontinuance" of the business carried on by the partnership; that the plaintiffs refused to allow the partnership to manufacture and deliver 375 houses, from which the partnership would have derived a net profit of $416,669.49; and that the partnership was entitled to recover such amount. It was alleged that the damages claimed resulted "from the difference between the cost of construction and erection of the 375 houses . . and the contract price for which the same had been sold"; and the de-

fendants listed the price for which the same were to be sold, and enumerated several different projects, wherein are set out the places where the projects were located and the amount of total anticipated profits on each job. The plaintiffs demurred to the cross-action seeking damages, on the grounds that the allegations therein made were mere conclusions, that the damages claimed were too speculative and conjectural, and that the defendants did not allege any contracts that they had with anyone. The auditor sustained these demurrers and struck the cross-action.

There was no error in thus disposing of the cross-bill. The damages claimed were in the nature of anticipated profits which the defendants claimed would have been realized if they had been allowed to go forward with the business, by the construction of 375 houses. There is no allegation that there were binding contracts on the part of the defendants as to the construction of these houses, or any information as to how the amount of profits alleged would be arrived at. This claim for damages by reason of loss of anticipated profits was too remote, conjectural, and speculative to afford the basis for a cause of action. See Code, § 105-2008; *Clay* v. *Western Union Telegraph Co.*, 81 *Ga.* 285 (6 S. E. 813); *Wappoo Mills* v. *Commercial Guano Co.*, 91 *Ga.* 396 (1) (18 S. E. 308); *Palmer* v. *Atlantic Ice & Coal Corp.*, 178 *Ga.* 405 (2) (173 S. E. 424). Compare *Red* v. *City Council of Augusta*, 25 *Ga.* 386.

■ Exception 2 complains of the ruling of the auditor excluding all testimony relative to acts or declarations made by one of the plaintiffs, J. R. Legum, who was deceased at the time of the trial. In their exceptions, the defendants assert that the "material portions of the record necessary to a clear understanding of the exceptions made herein is the complete testimony of C. Eugene Tovell and Walter J. Levy; which testimony is incorporated and made a part of Exhibit A; which is attached to these exceptions by designation to be hereinafter made, and the testimony of said two witnesses, as shown by Exhibit A, is incorporated herein and made a part of these exceptions by reference thereto." It is asserted that the ruling excluding the evidence was contrary to law.

In an equity case, where evidence is alleged to have been er-

roneously admitted or excluded by the auditor, it should be literally or in substance set forth in the exceptions or as a part thereof. *Hilton* v. *Haynes,* 147 *Ga.* 725 (5) (95 S. E. 220). So, where an exception of law complains of error in the admission of certain testimony and does not set forth the evidence complained of, but refers the court to the entire evidence in the record bearing on the subject, such exception is not complete within itself, and the court on review is not required to determine such exception. *Faucett* v. *Rogers,* 152 *Ga.* 168 (3) (108 S. E. 798). The exception here does not set out what evidence was excluded, but refers the court to the complete testimony of two witnesses, which is made a part of Exhibit A. Exhibit A, which is attached to the exceptions, consists of a question and answer transcript of the evidence of four witnesses, containing 175 pages. This exception is not complete within itself, and there was no error in the overruling of this exception.

■ In an equity case, where exceptions to an auditor's report involve a consideration of the evidence, the exceptor must set forth in connection with such exceptions the evidence necessary to be considered, or attach it as an exhibit, or at least point out definitely where the evidence is to be found. *Butler, Stevens & Co.* v. *Georgia and Ala. Ry.,* 119 *Ga.* 959 (1) (47 S. E. 320). Such requirement is not satisfied by merely giving the names of the witnesses or specifying the pages of the brief of evidence where their testimony may be found. Such evidence must be embodied in the exception, or attached thereto as an exhibit. *Hudson* v. *Hudson,* 119 *Ga.* 637 (10) (46 S. E. 874). In the last-cited case this court said: "The rule seems to be universal that in this class of cases the exception should be so framed as to relieve the superior court and this court of the burden of going over the entire case, or of performing duties which properly belong to the master and counsel."

The rule as to what exceptions of fact in an equity case should contain applies as well to exceptions of law when they involve a consideration of the evidence on which the auditor based his findings (*Perkins* v. *Castleberry,* 122 *Ga.* 294, 50 S. E. 107), and failure to comply with this rule is sufficient reason for overruling exceptions of law. *Butler, Stevens & Co.* v. *Georgia and Ala. Ry.,* supra; *Linder* v. *Whitehead,* 125 *Ga.* 115 (53 S. E. 588);

*Fuquà* v. *Hadden,* 192 *Ga.* 654 (2) (16 S. E. 2d, 728). In *Smith* v. *Wilkinson,* 143 *Ga.* 741 (2a) (85 S. E. 875), it was held that the court did not err in refusing to approve exceptions of law where the exceptions depended for their determination upon the evidence, and the exceptions of fact referred to the evidence only in the following manner: "Plaintiff attaches hereto a brief of all the testimony material to his exceptions, which brief is referred to as a part of each exception as if the testimony was included in the exception." See also *O'Rear* v. *Lamb,* 194 *Ga.* 455 (22 S. E. 2d, 74), where, in an exception to a finding of fact which was dependent upon a consideration of the evidence, the exception recited that it was necessary to have "all the evidence produced from both sides of the case, and every fact and circumstance involved in the transaction of the plaintiff and defendant," and referred to a brief of the evidence filed by the auditor; and this court held that such exception was properly disapproved by the trial court.

The defendants' exceptions Nos. 3, 4, and 5 complain of findings of fact and law in the auditor's report, set out in findings Nos. 3, 4, and 5. Exception No. 6 is to ruling No. 11, which is a summary of the findings of fact and of law by the auditor. In all these exceptions, error is assigned on the findings of fact as being contrary to the evidence, and without evidence to support such findings; and error is assigned on the findings of law as being contrary to law and contrary to the evidence. Exception No. 3 makes no attempt to set out any evidence. The other exceptions assert that the evidence necessary for consideration of each one of the remaining exceptions "is all of the evidence adduced at the trial of the case before the auditor, oral, documentary, and by depositions," as shown by Exhibit "A" "incorporated herein and made a part of the exceptions." Exhibit "A" consists of 175 pages of testimony unbriefed, and 24 separate documents.

In order to determine whether or not any of the exceptions enumerated above had any substantial merit, it would be necessary for the reviewing court to consider the evidence. The defendants have in none of these exceptions complied with the rules that are set out in the authorities heretofore cited; and in order to determine whether or not these exceptions of fact

and of law are meritorious, the court would have to read the entire record of both the oral testimony and documentary evidence in connection with each exception. There was no error in overruling the exceptions enumerated above. In addition to the authorities cited above, see *Fricker* v. *Americus Manufacturing &c. Co.*, 124 *Ga.* 165 (4) (52 S. E. 65); *Woodward* v. *Williams Bros. Lumber Co.*, 176 *Ga.* 107 (167 S. E. 169).

■ Conclusions of fact and law set forth in an auditor's report, to which no exceptions are taken by either party, are binding upon all parties to the litigation. *Carter & Woolfolk* v. *Jackson*, 115 *Ga.* 676 (1) (42 S. E. 46); *Wiley* v. *City of Sparta*, 154 *Ga.* 1 (114 S. E. 45); *Laramore* v. *Jones*, 157 *Ga.* 366 (1) (121 S. E. 411); *Lefkoff* v. *Sicro*, 193 *Ga.* 292 (1) (18 S. E. 2d, 464). This court will not consider questions raised by a bill of exceptions assigning error on a provision of a decree entered in accordance with the findings of fact of an auditor, where it appears that no exception was filed to the particular provision of the auditor's report. *Merchants National Bank of Rome* v. *Armstrong*, 107 *Ga.* 479 (1) (33 S. E. 473).

The auditor in his report sustained the claims for taxes of the United States and the State of Georgia in their respective interventions, but subordinated these claims to the equitable lien of the plaintiffs upon the assets of Tovell Construction Company in the receiver's possession, and recommended that, in the distribution of funds by the receiver, the claim of the plaintiffs be paid out of these assets ahead of the claims of the United States and the State of Georgia. Neither the defendants, nor the United States, nor the State of Georgia, filed exceptions either of fact or of law to these findings. The court entered a decree based upon these findings of fact and of law in this regard, and the defendants attempt for the first time in the bill of exceptions to assign error on that part of the decree which orders the payment of the plaintiffs' lien prior to the tax claims of the United States and the State of Georgia. Under the above authorities, the findings of fact and of law of the auditor, unexcepted to, became conclusive on all parties, and the defendants cannot be heard now to assert for the first time the invalidity of these particular findings by assigning error on the decree.

Under the preceding rulings, the trial court did not err in

treating the adverse findings of the auditor, unexcepted to, as conclusive against the defendants, and in approving the auditor's report and entering a decree in favor of the plaintiffs, which decree is in accord with the auditor's report. *Lefkoff* v. *Sicro*, 193 *Ga.* 292 (supra).

*Judgment affirmed. All the Justices concur.*