36479. GEORGIA GRAIN GROWERS ASSOCIATION, INC. *v.* CRAVEN.

742

DECIDED MAY 17, 1957.

744

*Erwin, Nix, Birchmore & Epting,* for plaintiff in error.

*O. J. Tolnas, Stow & Andrews,* contra.

CARLISLE, J. ■ Headnote 1 is self-explanatory and requires no elaboration.

■ Following the plaintiff's amendment to his petition the defendant renewed certain of its special demurrers, some of which were sustained while others were overruled. The seven special demurrers which were overruled each bear generally upon the same subject of damages, and these demurrers will be treated here together. These demurrers were lodged against paragraphs 13, 14, 15, 20 and 21 of the petition as amended and each of the demurrers contends that the allegations contained in these paragraphs are not germane to any issue raised by the petition and are irrelevant, immaterial, and should be stricken, and that these damages are too uncertain, remote and speculative to be recovered.

In paragraph 13 of the plaintiff's petition it is alleged that prior to the damage to his truck, the plaintiff was engaged in the hauling and transportation business and made one load each week

to Detroit, Michigan, for W. C. Allen, of Jasper, Georgia, and was guaranteed by Allen and earned $320 per trip.

In paragraph 14 it is alleged that the plaintiff was in the employ of Allen for the purpose of hauling materials, wares, goods, agricultural products and other merchandise; that this employment was a continuing one and the plaintiff by the use of his truck had a net income from Allen of $200 per week.

In paragraph 15 it is alleged that as a result of the damage to his truck by the defendant's negligence on July 18, 1955, the plaintiff has been unable to continue in his employment since that date and has been damaged by the defendant's acts of negligence in the sum of $1,000 up to August 22, 1955, and he will be damaged in the sum of $200 per week for as long as he is deprived of the use of his truck by the defendant.

In paragraph 20 it is alleged that since July 18, 1955, the plaintiff has been unable to work and earn a livelihood because he has been deprived of the use of his truck by the negligent acts of the defendant.

In paragraph 21 it is alleged that the plaintiff is entitled to recover the sum of $3,500 as damage to his truck and $200 per week from July 18, 1955, until the final determination of his suit.

In a case where a petition is unnecessarily voluminous or contains redundant, superfluous, or irrelevant matter, its defects in these respects may and should be raised by appropriate and timely special demurrers. *South Carolina & Ga. R. Co.* v. *Augusta Southern R. Co.*, 111 *Ga.* 420 (1) (36 S. E. 593).

The measure of damages in an action to recover for injuries to a motor vehicle caused by a collision or other negligence of a defendant is the difference between the value of the vehicle before and after the collision or other negligence, but where the owner has undertaken to make proper and necessary repairs he may establish his loss in respect to the collision or other negligence by showing the reasonable value of labor and material used for the repairs, and the value of any permanent impairment after the vehicle was repaired, provided the aggregate of these amounts, together with hire on the vehicle while incapable of being used, does not exceed the value of the vehicle before injury with interest

thereon. *Padgett* v. *Williams,* 82 *Ga. App.* 509 (1), 511 (61 S. E. 2d 676), and citations.

" 'Direct damages are such as follow immediately upon the act done. Consequential damages are such as are the necessary and connected effect of the tortious act, though to some extent dependent upon other circumstances.' Code § 105-2007. 'If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer.' § 105-2008. 'Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered; but damages traceable to the act, but not its legal or natural consequence, are too remote and contingent.' § 105-2009. 'It may be stated as a general rule that in tort actions a recovery may be had for loss of profits, provided their loss is the proximate result of the defendant's wrong and they can be shown with reasonable certainty. The profits recoverable in such cases are limited to probable, as distinguished from possible benefits. They must be such as would be expected to follow naturally the wrongful act and be certain both in their nature and the cause from which they proceed. Profits which are remote, or speculative, contingent or uncertain are not recoverable, as, for example, the prospective profits of a contract between the plaintiff and a third person of which the defendant had no notice.' 15 Am. Jur., Damages, § 155. 'A plaintiff who seeks reparation in damages to his business, from a breach of contract, is limited to the recovery of damages which are the natural and material consequence of the act from which the damage flows. Loss of prospective profits is ordinarily too remote for recovery. The profits of a commercial business are dependent on so many hazards and chances, that unless the anticipated profits are capable of ascertainment, and the loss of them traceable directly to the defendant's wrongful act, they are too speculative to afford a basis for the computation of damages.' *Cooper* v. *National Fertilizer Co.,* 132 *Ga.* 529, 535 (64 S. E. 650). 'The general rule is that the expected profits of a commercial business are too uncertain, speculative, and remote to permit a recovery for their loss.' *Palmer* v. *Atlantic*

748

*Ice & Coal Corp.*, 178 *Ga.* 405 (2) (173 S. E. 424, 92 A. L. R. 176). Also, see 15 Am. Jur., Damages, § 157." *Norris* v. *Pig'n Whistle Sandwich Shop*, 79 *Ga. App.* 369 (53 S. E. 2d 718); *Atlanta-Asheville Motor Express v. Dooley*, 78 *Ga. App.* 265, 271 (50 S. E. 2d 822); *Tovell* v. *Legum*, 207 *Ga.* 193, 197 (60 S. E. 2d 339), and citations.

Under an application of the foregoing facts to the foregoing rules, the trial court erred in overruling the defendant's special demurrers to the plaintiff's petition, which rendered all further proceedings nugatory.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*