23053.   JOHNSON v. HENDERSON.

ARGUED JULY 13, 1965—DECIDED SEPTEMBER 9, 1965—
REHEARING DENIED SEPTEMBER 22, 1965.

*Zachary & Hunter, W. E. Zachary,* for plaintiff in error.

*W. Harvey Armistead, Walter P. McCurdy, Sr., McCurdy, Candler & Harris,* contra.

ALMAND, Justice.   This is a land title registration case.   It involved ¼ acre of land in the northwest corner of Land Lot 138 of the 16th. District of DeKalb County, Ga.   The proceeding originated when Para Lee Henderson filed her petition to register her claim of title by reason of 20 years' adverse possession of ¼ acre of land in the north*west* corner of Land Lot 138 of the 16th District of DeKalb County, which she described by metes and bounds.   She named B. A. Johnson, Jr. as a party asserting claim to the tract.   Her petition, under the provisions of *Code Ann. Ch.* 60-2, was referred to an examiner.

B. A. Johnson, Jr. thereafter intervened and asserted his claim of title to the tract under four links in his claim of paper title and prayed that title be registered in his name.   In each link the property described in the deed is ¼ acre more or less in the north*east* corner of Land Lot 138 of the 16th District of DeKalb County, with no description of the metes and bounds other than the lands of other named persons.   The petitioner for registration demurred to the intervention on the grounds

that the intervention was insufficient to show that Johnson had any claim to the tract of land sought to be registered. The demurrers were sustained, with leave granted to amend within a specified number of days. The intervenor Johnson having failed to amend, the examiner passed an order dismissing Johnson and his claim. The examiner proceeded to a hearing on the petition to register title. He made his report in which he reported the dismissal of Johnson's claim and reported a finding that the petitioner was entitled to have the title to the tract registered in her name. Johnson filed exceptions of law and fact to the report. On motion of petitioner Henderson all of the exceptions were dismissed. We are called upon to review this final order which approved the findings of the examiner.

The record discloses that the petitioner Henderson was seeking the registration of title to a described tract of land containing $\frac{1}{4}$ acre of land in the northwest corner of Land Lot 138 of the 16th District of DeKalb County. Johnson, as an intervenor or claimant, asserted title by reason of certain described deeds of predecessors in title. In each of these deeds the property described therein is $\frac{1}{4}$ acre *more or less* in the northeast corner of Land Lot 138 of the 16th District of DeKalb County. The examiner was correct in concluding that the land claimed by Johnson was not the same tract of land sought to be registered by Henderson. See *Conyers v. West*, 210 Ga. 190 (78 SE2d 422), and *Bennett v. Rewis*, 212 Ga. 800 (96 SE2d 257). His order dismissing the claim of Johnson was proper. Though the court should have overruled the exception to the examiner's order dismissing the claim of Johnson, instead of dismissing the exception, the result was correct.

The intervention or claim of Johnson having been properly dismissed, he ceased to be a party to the hearing before the examiner and was not in a position to except to the examiner's ultimate findings. His exceptions to such findings were properly dismissed. *Asbury v. McCall*, 202 Ga. 154 (42 SE2d 370).

There being no error in the judgment of the trial court, it is

*Affirmed. All the Justices concur.*