25140. CITY OF MARIETTA v. GLOVER et al.

UNDERCOFLER, Justice. This controversy originated under the Land Registration Law (*Code Ann. Title* 60) and involves the title to Glover Park in Marietta, Georgia. It has been a public park for 113 years. The City of Marietta alleged that it acquired fee simple title to the property from John H. Glover in 1852 but the deed reputedly conveying the property was lost during the Civil War. The defendant heirs of John H. Glover do not dispute the conveyance but claim it con-

tained a provision that should the property ever cease to be used for park purposes the title thereto would revert to John H. Glover and his heirs.

The issues were tried before an examiner appointed by the judge of the superior court who heard evidence and made findings of fact and law. The examiner found the title to be "In the City of Marietta by virtue of a deed from John Heyward Glover to the City of Marietta on or about the year 1852 (which said deed and the record thereof were lost or destroyed sometime during the Civil War), subject, however, to the vested right of the citizens of the City of Marietta to have said property used for public park purposes by virtue of a dedication of said property to said public use by the City of Marietta, John H. Glover, and the lawful heirs at law of John H. Glover." The defendants filed exceptions from the findings of the examiner and contended that he erred in not finding that the deed conveying Glover Park contained a provision that it would revert to the Glover heirs in the event it ceased to be used as a park. The matter came on for a jury trial in the superior court as provided in *Code Ann.* § 60-304. The jury found that the document from John H. Glover to the City of Marietta contained a provision that "if and in the event the said property were to be used for purposes other than a park, that the title and right of possession reverts to John Heywood Glover and his heirs." The City of Marietta appeals from the denial of its motion for new trial on the ground that the evidence attempting to establish such an interest was hearsay and should have been excluded from consideration by the jury on its timely objections. *Held:*

1. There was no exception to the examiner's finding that there was a deed from John Heyward Glover to the City of Marietta on or about 1852 conveying title to this property which was dedicated to park purposes. This finding became the law of the case. Accordingly, any question concerning proof of the City of Marietta's title to the property by hearsay evidence is not in issue. *Asbury v. McCall,* 202 Ga. 154 (1) (42 SE2d 370); *Carter v. Jackson,* 115 Ga. 676 (1) (42 SE 46); *Barber v. Southern Service Corp.,* 182 Ga. 124, 127 (185 SE 93); and *Lefkoff v. Sicro,* 193 Ga. 292 (2) (18 SE2d 464).

2. The question in this case involves the purported reverter interest in this park property. The parties concede that the evidence attempting to show such a reverter interest was

hearsay and was admitted over objection. It is generally conceded that title to land cannot be proved by hearsay testimony. Wigmore on Evidence, 3rd Ed., Vol. 5, § 1587, p. 455. This is the rule in Georgia. *Berry v. Osborne's Lessee,* 15 Ga. 194 (1); *Shingler v. Bailey,* 135 Ga. 666 (8) (70 SE 563); *Heatley v. Long,* 135 Ga. 153 (8) (68 SE 783); *McAfee v. Newberry,* 144 Ga. 473, 475 (87 SE 392); *Aultman v. Hodge,* 150 Ga. 370, 400 (104 SE 1). Neither can title to land be established by general reputation in the community as to ownership. *Berry v. Osborne's Lessee,* supra; *Daniel v. Frost,* 62 Ga. 697 (4); *Luttrell v. Whitehead,* 121 Ga. 699, 702 (49 SE 691); *Smith v. Smith,* 167 Ga. 368 (4) (145 SE 661); *McWilliams v. McWilliams,* 166 Ga. 792 (144 SE 286).

However, the appellees contend that the use of traditional evidence is authorized under *Code* § 38-311 to establish their reverter interest. *Code* § 38-311 provides: "Hearsay evidence of declarations of deceased persons as to ancient rights, made before the litigation arose, shall be admissible to prove matters of public interest in which the whole community are supposed to take interest and to have knowledge." We do not agree with this contention.

"At the time of the definite emergence of the hearsay rule . . . —that is, by the end of the 1600s—, there remained in existence a practice, more or less loose, of receiving the repute of the community on various matters. At that time, the jury's traditional right to resort to common repute as a source of its knowledge was still a real part of trial-practice. It can be easily understood that the exclusion, when offered in court as evidence, of a repute which the jury could in any case have considered, had they otherwise known of it, would be unnatural and improbable. But with the final shaping of the hearsay rule's limits, and the conscious statement of specific exceptions, in the first half of the 1700s, and with the progress and final settlement, in the same century, of the doctrine that the jury could consider no information not presented to them as evidence in court . . . , the use of common repute came to be limited to specific excepted cases. The excepted subjects thus surviving from the older loose practice included at that time (1) land-boundaries and land-customary-rights and verdicts in other litigation, (2) events of general history, (3) personal character, and (4) marriage and other facts of family history." V Wigmore on Evidence 444, § 1580; 29

AmJur2d 562, § 506; 31A CJS 564, § 196; 58 ALR2d 615. "In the effort to put a limit to the use of reputation-evidence involving *landed rights,* and to phrase the conditions of necessity in which it could be resorted to in default of better evidence, the element of *antiquity* came to be made the fundamental characteristic of this branch of the exception." V Wigmore on Evidence 445, § 1582.

In our opinion the Georgia statute does not extend the general rule so as to permit proof of title to land, such as the reverter interest here claimed, by hearsay evidence. School District of Donegal Township v. Crosby, 178 Pa. Super. 30 (1) (112 A2d 645).

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 15, 1969—DECIDED APRIL 24, 1969—
REHEARING DENIED MAY 8, 1969.

*Arthur L. Crowe, Jr.,* for appellant.

*Holcomb, McDuff & Dennis, Frank D. Holcomb, Mitchell, Clarke, Pate & Anderson, Stephens Mitchell, W. N. Bonner,* for appellees.